**UNITED STATES of America, Appellee,**

v.

**John Wesley JOHNSON, Appellant.**

**No. 83–1965.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 30, 1983.

Decided Dec. 7, 1983.

29 U.S.C. § 160(e); *see Woelke & Romero Framing, Inc. v. NLRB,* 456 U.S. 645, 102 S.Ct. 2071, 2083, 72 L.Ed.2d 398 (1982).

Thomas E. Dittmeier, U.S. Atty., James K. Steitz, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Coburn, Croft & Putzell, Edwin G. Harvey, St. Louis, Mo., for appellant.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

John Wesley Johnson appeals from his conviction for being a felon in possession of a firearm in violation of 18 U.S.C.App. § 1202. Johnson contends that the introduction of a certified document from the Bureau of Alcohol, Tobacco and Firearms to establish that the firearm traveled in interstate commerce was error for two reasons. First, he contends it was hearsay and not subject to any of the exceptions to the

hearsay rule. Secondly, he contends the admission of the document violated his sixth amendment right of confrontation. In addition, Johnson alleges the evidence was insufficient to sustain the verdict. For the reasons set forth in this opinion, we affirm the judgment of the district court.[1]

On August 18, 1982 several officers from the St. Louis Police Department went to Johnson's apartment to execute a search warrant. The substance of the officers' testimony is that they observed Johnson running down a hallway while holding a "sawed off" rifle and that, when told to stop, Johnson threw the firearm out of a window. At trial, the government introduced the firearm into evidence. In order to show that the firearm had previously traveled in interstate commerce, the government introduced the exhibit at issue. This exhibit consists of a serial number report from the manufacturer of the firearm showing the gun, Serial Number 331099, was shipped to California.[2] This report, however, was not received from the manufacturer but was obtained from the Bureau of Alcohol, Tobacco and Firearms (ATF). The manufacturer had discontinued business and ATF was in possession of the records of the manufacturer because federal regulations require ATF to maintain custody of records of licensed firearms businesses which have discontinued operations. *See* 27 C.F.R. § 178.127. Also included in the exhibit was a certification of authentici-ty from the custodian of the records. The government did not present any witnesses in support of the exhibit.

Although Johnson's trial attorney objected generally to the introduction of the exhibit as vague and confusing, counsel did not specify the exact grounds for the objection and the district court allowed the document to be received in evidence. A jury found Johnson guilty and the district court sentenced him to two years imprisonment.

■ Johnson contends that the certificate[3] and the serial number report constituted inadmissible hearsay and that Fed.R. Evid. 803(8)[4] B and C precludes use of the public records exception to the hearsay rule. Initially it should be noted that, although defense counsel objected to the introduction of the exhibit on what can best be described as relevancy grounds, this is not the same ground he now urges. Because he did not assert the specific ground for objection he now urges on appeal, Johnson's contention has been waived. Fed.R.Evid. 103(a); *see United States v. Ruffin*, 575 F.2d 346, 355 (2d Cir.1978). Thus, we review Johnson's arguments under Fed.R.Crim.P. 52(b) which provides appellate review of plain errors which affect substantial rights and result in a miscarriage of justice. *See, e.g., United States v. Frady*, 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 1592 n. 14, 71 L.Ed.2d 816 (1982); *United States v. Anderson*, 654 F.2d 1264,

---

**1.** The Honorable James H. Meredith, United States Senior District Judge, Eastern District of Missouri.

**2.** Federal regulations require manufacturers to keep records of all firearms transactions. *See* 27 C.F.R. § 178.121 *et seq.*

**3.** The certification part of the exhibit provides:
I certify that I am the custodian of the records for Universal Firearms Corp., 3740 East 10th Court, Hialeah, FL. which pertain to the firearms __x__ manufactured ____ imported __x__ sold by said firm, and pertaining to the sale, shipment, and delivery of such firearms. I further certify that the records of this firm show that the firearm described in Part I, above, was __x__ manufactured ____ import-ed __x__ sold by the said firm in Hialeah, Dade Co., Florida and that it was

shipped/sold by said firm from Hialeah, Florida on 11–7–75 to the following consignee: Gerco Melody Plus, Los Angeles, CA.

**4.** Fed.R.Evid. 803(8) provides:
*Public records and reports.* Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

1268 (8th Cir.), *cert. denied,* 454 U.S. 1127, 1156, 102 S.Ct. 978, 1030, 71 L.Ed.2d 115, 314 (1981); *United States v. DiBenedetto,* 542 F.2d 490, 494 (8th Cir.1976).

■ As for the serial number report portion of the exhibit, we observe no plain error in its admission. The report was prepared by the now out of business manufacturer and shows that the firearm here was shipped by the manufacturer to Los Angeles, California. The serial number report is a record which ATF has a duty to keep and report. *See* 27 C.F.R. § 178.127. Clearly the information in the report was not a matter "observed by law enforcement personnel." Neither was it a factual finding "resulting from an investigation made pursuant to authority granted by law." Fed.R. Evid. 803(8). The 803(8) exception was designed to allow admission of official records prepared for purposes independent of specific litigation. *See, e.g., United States v. Stone,* 604 F.2d 922, 925 (5th Cir.1979). The record at issue here was kept in a ministerial fashion, pursuant to legal authority, and not in anticipation of Johnson's trial. The serial number report was therefore admissible under 803(8).[5] *See United States v. King,* 590 F.2d 253 (8th Cir.1978), *cert. denied,* 440 U.S. 973, 99 S.Ct. 1538, 59 L.Ed.2d 790 (1979) (certified documents from Missouri Department of Revenue showing ownership of automobile admissible as public record); *United States v. Orozco,* 590 F.2d 789 (9th Cir.), *cert. denied,* 442 U.S. 920, 99 S.Ct. 2845, 61 L.Ed.2d 288 (1979) (license numbers on computer cards admissible as public record since non-adversarial in nature); *United States v. Grady,* 544 F.2d 598 (2d Cir.1976) (record from Irish police authorities showing serial numbers of firearms admissible). *Cf. United States v. Oates,* 560 F.2d 45 (2d Cir.1977) (chemist's report inadmissible).

■ The admissibility of the certification portion of the exhibit, however, gives us more trouble. The second sentence of the certification goes beyond the authentication requirements of Rule 902(4) and appears to have been prepared by the custodian for purposes of the Johnson litigation. *Stone, supra,* at 926. Thus, the district court should have stricken this sentence and doubtless would have had a proper objection been made. However, in view of the fact that the non-hearsay portions of the exhibit clearly established the requisite connection to interstate commerce, the hearsay evidence in the certification was merely cumulative and the error was harmless. *See United States v. Perkins,* 633 F.2d 856 (8th Cir.1981) (connection to interstate commerce need only be minimal); *Minor v. United States,* 375 F.2d 170 (8th Cir.1967) (admission of cumulative hearsay not plain error); *Stone, supra,* at 926.

■ Similarly, we believe the same reasoning applies to Johnson's sixth amendment argument. Even assuming Johnson's right to confront the custodian was abridged, the error was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Stone, supra,* at 927.

■ From what has been said, it follows that the evidence was sufficient to prove the firearm traveled in interstate commerce and that the district court did not err in overruling the motion for acquittal. In a possession prosecution under 18 U.S.C.App. § 1202, "the relationship of the gun to interstate commerce needs to be only minimal." *United States v. Perkins, supra,* at 859; *see also Scarborough v. United States,* 431 U.S. 563, 577, 97 S.Ct. 1963, 1970, 52 L.Ed.2d 582 (1977) (Congress sought to reach possessions broadly). Proving the gun was manufactured in another state will satisfy the requirement. *United States v. Perkins, supra,* at 859. As indi-

---

5. Though not raised by any of the parties, the manufacturer's serial number report in possession of ATF would also seem to be admissible under the business records exception. *See* Fed. R.Evid. 803(6); *United States v. Veytia-Bravo,* 603 F.2d 1187, 1188–92 (5th Cir.1979), *cert. denied,* 444 U.S. 1024, 100 S.Ct. 686, 62 L.Ed.2d 658 (1980); *United States v. Scholle,* 553 F.2d 1109, 1124–25 (8th Cir.), *cert. denied,* 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977).

cated, the non-hearsay portions of the exhibit show that the firearm bearing serial number 331099 was manufactured in Florida and shipped to California. This was more than enough to satisfy the interstate commerce nexus.

Finding no reversible error, we affirm.