767 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
WILLIAM S. BRANNEN, DEFENDANT-APPELLANT.
 NO. 84-1328
 United States Court of Appeals, Sixth Circuit.
 6/25/85
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MERRITT and KENNEDY, Circuit Judges; WEICK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this cocaine conspiracy case, defendant William Brannen appeals his jury conviction of conspiracy to possess cocaine with intent to distribute, interstate travel to facilitate an unlawful activity and distribution of cocaine. We affirm the District Court's judgment.
 
 I.
 
 2
 Defendant was indicted with George Davis and Frank Demijohn. Since 1981 Davis and Demijohn were involved in cocaine distribution in the Saginaw, Michigan area. Davis lived in Boca Raton, Florida while Demijohn lived in Saginaw. From June 14, 1983, through July 23, 1983, a court authorized wiretap was placed on Demijohn's phone. Tapes were made of several phone conversations. These conversations indicate that a conspiracy existed between Davis and Demijohn and implicate defendant as a co-conspirator.
 
 
 3
 One key piece of evidence is a phone call to Demijohn in which the caller informed Demijohn that the caller was in Room 110. Without offering Demijohn any further explanation of who he was or where he was located, Demijohn proceeded directly to Room 110 of the Best Western motel where defendant was registered. Defendant had just checked into Room 110 after driving from Florida.
 
 
 4
 Defendant was observed (and photographed) with Demijohn at the motel carrying on a transaction in the parking lot. Demijohn took a bag from defendant's car and walked to the side of his own car. Later the bag was seized and found to contain two kilograms of cocaine. Seized on defendant's person at the time of his arrest were documents containing the names 'George' and 'Frank' written next to phone numbers listed to Helen Davis and Maureen Demijohn respectively.
 
 II.
 
 5
 There are two issues before this Court. First, did the District Court err in admitting statements by defendant's alleged co-conspirators. Second, did the District Court err in admitting evidence that showed certain people had been convicted of drug offenses.
 
 
 6
 Defendant was convicted in part on evidence from tape recordings acquired through wiretaps. This evidence is hearsay and inadmissible unless it falls into a hearsay exception. The District Court held conditionally that the evidence was admissible as the testimony of a co-conspirator pursuant to U.S. v. Vinson, 606 F.2d 149, 153 (6th Cir. 1979). Vinson holds that before the government can use the co-conspirator exception to the hearsay rule,
 
 
 7
 it must show by a preponderance of the evidence (1) that a conspiracy existed, (2) that the defendant against whom the hearsay is offered was a member of that conspiracy, and (3) that the hearsay statement was made in the course of and in furtherance of the conspiracy.
 
 
 8
 Id. at 152. Further, the Vinson court held that 'the hearsay statements themselves may be considered by the judge in deciding the preliminary question of admissibility.' Id.
 
 
 9
 We reaffirm the Vinson decision. Fed. R. Evid. 104(a) specifically states that in deciding preliminary questions of admissibility, the judge 'is not bound by the rules of evidence . . ..' Hence, the judge may consider the hearsay statements themselves in deciding the question of their admissibility. In the instant case, the judge considered the hearsay statements contained on the tapes in addition to other evidence and decided that the hearsay statements were statements of defendant's co-conspirators. In doing so, the District Court property met the Vinson requirements.
 
 
 10
 Defendant next contends that the District Court erred in admitting evidence concerning the conviction of Christie Presnikovs for delivery of cocaine and the conviction of James Watz for conspiracy to possess with intent to distribute cocaine. Defendant argues that since no evidence connects these individuals with defendant, their drug convictions are irrelevant to the question of his guilt and should not have been admitted. Further, defendant argues that the admission of this evidence was prejudicial to defendant.
 
 
 11
 Defendant's arguments are unpersuasive. The evidence of these convictions was not used as substantive evidence against defendant. Defendant did not object to the introduction of the Watz conviction. Consequently, the introduction of this evidence was not plain error because it did not 'affect substantial rights and result in a miscarriage of justice.' United States v. Johnson, 722 F.2d 407, 409 (8th Cir. 1983). Considering the record as a whole and the strength of the case against the defendant, none of defendant's substantial rights have been affected by the introduction of this evidence. Hence, if any error resulted from the admission of this evidence, it was harmless.
 
 
 12
 Accordingly, the judgment of the District Court is affirmed.