**UNITED STATES of America**

v.

**James B. THOMAS, Appellant.**

No. 88–3172.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 5, 1990.

Decided Feb. 23, 1990.

Steven R. Kiersh, for appellant. Karen L. Hochstein, Washington, D.C., also entered an appearance for appellant.

John R. Fisher, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., Washington, D.C., was on the brief, for appellee.

Before MIKVA, EDWARDS and SILBERMAN, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

James B. Thomas appeals from his conviction under 21 U.S.C. §§ 846 and 841(a) (1988) for conspiracy to distribute phencyclidine and to possess cocaine with intent to distribute it. He argues that the District Court erred in two respects: first, by allowing a witness to testify both as a fact witness and as an expert witness; second, by allowing the Government to enter into evidence tape recorded conversations between an undercover police officer and a juvenile co-conspirator. Thomas' trial counsel failed to preserve either issue for appeal. Because neither of the District Court's dispositions of these issues was plain error, we affirm that court's judgment.

## I. Witness Testimony

During the course of the proceedings before the District Court, appellant's trial counsel initially objected to the Government's attempt to proffer "expert" testimony from a Drug Enforcement Administration ("DEA") agent who was also testifying on the facts of the case. *See* Trial Transcript ("Tr.") 58–59. Trial counsel did not object on grounds that the witness was called to give both expert opinion *and* fact testimony; rather, counsel asserted: "I have an opinion on what an expert is, and an expert ain't just some Bozo who works for the Drug Enforcement Agency." *Id.* at 59. However, after the trial judge told counsel that the witness could give opinion testimony so long as he was properly qualified, and after Government counsel was instructed to refer to the DEA agent as an "opinion witness," not as an "expert," *see* Tr. 65–68, trial counsel withdrew his objection. *Id.* at 68.

Later during the direct examination of the DEA agent, when he was asked his opinion as to why adults affiliated with juveniles in the distribution of drugs, trial counsel objected. The basis for the objec-

tion was never explained by counsel and it was overruled without further comment.

■ Mr. Thomas' appellate counsel now urges that the appellant's trial counsel both raised and preserved an objection based on a claim that it was improper for the Government to elicit both factual and expert testimony from the same witness. There are two problems with this argument. First, it is not at all clear from the record that this objection was *ever* raised below. Trial counsel's comment about the "Bozo" DEA agent suggested only that the witness was not qualified to offer expert testimony; counsel never asserted that the DEA agent should be prohibited from offering expert (or opinion) testimony because he was called to testify on facts. Second, even if the objection was initially raised, it was clearly *withdrawn* by trial counsel after he had been assured by the trial judge that the witness must be qualified and that he could testify only as an "opinion witness." [1]

■ Appellate counsel contends, however, that the objection was *renewed* after it had been withdrawn, when trial counsel later objected to further opinion testimony from the DEA agent. The problem with this claim is that the second objection came without any statement of basis. It is difficult for us to assume that trial counsel meant to *renew* an objection that was never clearly raised in the first instance. And, even if we assume that the objection was initially raised, it is impossible for us to assume that trial counsel meant to renew it after withdrawing it, when no basis was stated and no comment was made after the trial judge rejected the objection.

■ Trial counsel's failure clearly to raise this issue deprived the District Judge of the opportunity to consider it. Thus, we are constrained to reverse the trial judge only if he committed "plain error." *See United States v. Blackwell*, 694 F.2d 1325, 1340–42 (D.C.Cir.1982) (discussing plain error doctrine); *see also United States v. Johnson*, 802 F.2d 1459, 1465 (D.C.Cir.

1986) (when defendant waives legal objections by not articulating them at trial, this court "will not reverse other than in extraordinary circumstances 'affect[ing] substantial rights and result[ing] in a miscarriage of justice'") (quoting *United States v. Johnson*, 722 F.2d 407, 409 (8th Cir. 1983)). Both sides acknowledge that this court has not ruled on the question whether the same witness may give both expert and factual testimony; we therefore reject appellant's suggestion that this was "plain error," if indeed it was error at all. *See Blackwell*, 694 F.2d at 1342 (error must be clear under settled law to constitute "plain error").

We take no position here on whether this twofold use of a single witness is legally permissible. We note, however, that settled law from the District of Columbia Court of Appeals does appear to prohibit such use. *See Beach v. United States*, 466 A.2d 862 (D.C.App.1983). Had this objection been properly raised and preserved, it would pose a serious issue for the court, since it is important to maintain as much commonality between this court and the D.C. courts as is possible. Given the circumstances peculiar to this jurisdiction in criminal cases, unless Congress has instructed us to do otherwise we hold fast to the "conviction 'that it would be unfair for the character or result of a litigation materially to differ because the suit had been brought in a federal court.'" *Walko Corp. v. Burger Chef Systems, Inc.*, 554 F.2d 1165, 1170–71 (D.C.Cir.1977) (quoting *Hanna v. Plumer*, 380 U.S. 460, 467, 85 S.Ct. 1136, 1141, 14 L.Ed.2d 8 (1965)).

## II. HEARSAY OBJECTION

■ During the course of the investigation that led to Thomas' arrest, an undercover officer had occasion to have telephone conversations with the then-unindicted juvenile co-conspirator. The officer taped these conversations. At trial, the Government sought to enter the tapes into

---

1. We do not mean to endorse the suggested distinction between so-called "expert" and "opinion" witnesses. The DEA agent was offered and qualified as an "expert;" therefore, there was no legal significance to his being labelled an "opinion witness."

evidence. Trial counsel made a hearsay objection to the Government's proffer of the tapes. *See* Tr. 14. When asked to state the ground for his objection, counsel explained that because the Government had by then charged the juvenile, and knew where the juvenile was and how to get in touch with him, it was "grossly unfair to the defendant that he is not available for cross-examination." *See id.* On appeal, however, Thomas offers an entirely different theory of excludability of these tapes,[2] arguing that they did not contain statements that were "in furtherance of" the conspiracy within the meaning of the *Federal Rules of Evidence. See* FED.R.EVID. 801(d)(2)(E).

Without taking a position on appellant's "in furtherance of" argument, we again note that the District Judge did not have an opportunity to consider this theory. Thus, here again we may reverse the District Court's decision to admit the tapes only if it was plain error. We hold that the decision did not meet that stringent standard. *See Blackwell,* 694 F.2d at 1341; *see also United States v. Johnson,* 802 F.2d 1459, 1465 & n. 14 (D.C.Cir.1986) (where objection made at trial was "obviously not adequate to draw the trial court's attention to a hearsay problem," court rejected appellant's reliance on a rule of evidence "because his counsel failed to object to the statement on those grounds").

## CONCLUSION

Because appellant Thomas failed to preserve each of the issues that he now argues on appeal, and because the District Court did not commit plain error with regard to either issue, the judgment of the District Court is

*Affirmed.*

---

**2.** Trial counsel's theory of excludability is foreclosed by *United States v. Inadi,* 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1987) (confrontation clause does not require Government to show unavailability of non-testifying co-conspirator as condition for admission of co-conspirator's out-of-court statements).