902 F.2d 1009
 284 U.S.App.D.C. 183
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Theo THOMAS, Appellant.
 No. 88-3176.
 United States Court of Appeals, District of Columbia Circuit.
 May 22, 1990.
 
 Before MIKVA, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the judgment of conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Theo Thomas challenges his conviction for possession with the intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a). Thomas argues that he was stopped without articulable suspicion by officers of the Metropolitan Drug Interdiction Unit when they began questioning him upon his arrival in Washington. He further argues that the district court's finding that he voluntarily consented to a search of his person is clearly erroneous and should be reversed. Finally, he contends that testimony by police officers of a statement he gave was improperly admitted into evidence because it was obtained while he was illegally detained and because it was too unreliable.
 
 
 5
 This court has rejected the notion that the Fourth Amendment is automatically implicated when a police officer initiates an encounter with a citizen he has no articulable reason to suspect of committing a crime. See United States v. Baskin, 886 F.2d 383, 386 (D.C.Cir.1989), cert. denied, --- S.Ct. ----, 1990 WL 28895 (April 16, 1990); United States v. Winston, 892 F.2d 112, 117 (D.C.Cir.1989). "A seizure takes place when a reasonable person would conclude from the circumstances, and the show of authority, that he was not free to leave the officer's presence." United States v. Winston, 892 F.2d at 115.
 
 
 6
 Here, viewing the totality of the circumstances, Thomas was not placed in a position in which a reasonable person, innocent of any crime, would not feel free to leave the area. Thus, Thomas' encounter with the police officers did not constitute a seizure implicating the Fourth Amendment.
 
 
 7
 The district court's ruling on consent may only be reversed if it was clearly erroneous. See United States v. Lloyd, 868 F.2d 447, 451 (D.C.Cir.1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Jackson v. United States, 353 F.2d 862, 865 (D.C.Cir.1965). A review of the record does not leave a "definite and firm conviction" that the district court committed a mistake in finding consent. See id.
 
 
 8
 Finally, because Thomas was not illegally detained, testimony concerning the statement was not improperly admitted. Furthermore, it does not appear that Thomas objected to the testimony of the statement on reliability grounds in the district court. Therefore, the issue has been waived. See United States v. Johnson, 802 F.2d 1459, 1465 (D.C.Cir.1986). "When a waiver has occurred, the court will not reverse other than in extraordinary circumstances 'affecting substantial rights and resulting in a miscarriage of justice.' " Id. (citing United States v. Johnson, 722 F.2d 407, 409 (8th Cir.1983)). Here, in view of the district court's findings crediting the officer's testimony, there is no basis for concluding that an error was committed in admitting the statement, let alone an error affecting substantial rights and resulting in a miscarriage of justice.