946 F.2d 1567
 292 U.S.App.D.C. 87
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Terry D. WIGGINS, Appellant.
 No. 90-3108.
 United States Court of Appeals, District of Columbia Circuit.
 May 14, 1991.
 
 Appeal from the United States District Court for the District of Columbia, No. CR-89-00301-01.
 Before HARRY T. EDWARDS, SENTELLE and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the conviction be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 On September 29, 1988, Terry D. Wiggins was arrested and presented in the Superior Court of the District of Columbia on charges of possession with intent to distribute and distribution of phencyclidine ("PCP"), in violation of 21 U.S.C. § 841(a) & (b)(1)(B)(iv) (1988). These charges were dismissed without prejudice on July 21, 1989. On September 12, 1989, Wiggins and co-defendant Eric Toomer were arraigned on the same counts in District Court. On November 17, 1989, a jury convicted Wiggins on both counts of the indictment.
 
 
 5
 Wiggins now appeals several rulings made by the District Court during his trial. As we find Wiggins' claims of error to be without merit, we affirm his conviction. Two of Wiggins' claims warrant comment, however, and they are addressed below.
 
 
 6
 A. The District Court's Exclusion of Character Testimony
 
 
 7
 A next-door neighbor of Wiggins testified at trial as to his good acts in the community and good character. However, the District Court, upon Government objection, refused to allow this witness to testify as to her general opinion of Wiggins. See Transcript ("Tr.") at 263-66. Wiggins now contends that, in making this ruling, the trial court accepted the Government's erroneous argument that opinion evidence as to character is inadmissible under the Federal Rules of Evidence. In fact, as Wiggins correctly points out, the Federal Rules permit opinion evidence as to character. See FED.R.EVID. 405(a). Thus, Wiggins argues, the District Court's ruling improperly precluded him from receiving a favorable jury instruction on his good character that might have formed the basis for acquittal.
 
 
 8
 We reject this claim. First, it is far from clear that the District Court relied on the Government's misreading of the Federal Rules of Evidence in excluding the opinion testimony. The question at issue asked the witness: "What is your opinion of Mr. Wiggins?" Tr. at 263. After the Government objected, a brief colloquy was held; defense counsel proffered that, "all ... [he] want[ed] to use this witness for" was to testify that Wiggins had "contributed to the community in the respect of helping elderly people and cleaning the streets and things of that nature." Id. at 264. Before the court ruled, the Government also argued that the defendant could not put on character evidence merely to show that "he's a nice person." Id. at 265. The following exchange then took place:
 
 
 9
 The court: I think I'll have to sustain the objection with respect to what you're seeking to offer as to her opinion of him.
 
 
 10
 [Counsel]: So all I'll be able to ask is what is general opinion?
 
 
 11
 The court: I guess if he has a reputation for truthfulness, that's obviously at issue here, but that isn't what you asked, you just asked for her.... general opinion of him, as I recall the question.
 
 
 12
 Id. at 266 (emphasis added).
 
 
 13
 We are not at all convinced that the court improperly relied on the fact that the question called for opinion testimony; we think it at least equally plausible that the court excluded the evidence because the opinion solicited was "general," rather than directed to a specific character trait relevant to Wiggins' criminal prosecution. We need not resolve this question, however, because we find the latter ground to be a legitimate basis for exclusion, and a trial court's evidentiary ruling may be upheld on grounds other than those relied on by the court itself. See, e.g., Lewy v. Southern Pacific Transportation Co., 799 F.2d 1281, 1297 (9th Cir.1986).
 
 The Federal Rules of Evidence provide:
 
 14
 Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
 
 
 15
 (1) Evidence of a pertinent trait of character offered by an accused....
 
 
 16
 FED.R.EVID. 404(a) & (a)(1) (emphasis added). The Federal Rules therefore permit a defendant to introduce character evidence only to demonstrate a "pertinent" trait of character. As defense counsel stated in his proffer, the evidence excluded by the District Court would have concerned Wiggins' efforts to help out around his neighborhood. Such evidence simply has no relevance to the issue of whether or not he distributed PCP. Had defense counsel, on the other hand, proffered that the witness would have testified as to Wiggins' truthfulness, such evidence would have certainly met the "pertinency" requirement, because it would have been germane to the credibility of his testimony. Based upon trial counsel's actual proffer, however, we must conclude that the excluded evidence was inadmissible.
 
 
 17
 B. The Court's Admission of Prior Bad Acts Testimony
 
 
 18
 The District Court permitted the Government to introduce rebuttal testimony from a neighbor of Wiggins who testified that he had seen Wiggins engage in PCP transactions on occasions other than those forming the basis for his indictment. The court allowed this evidence for purposes of impeaching Wiggins' testimony on direct examination that he had never previously sold drugs. Wiggins argues that the trial court erred in permitting the Government to put on this rebuttal testimony, claiming that he in fact never denied prior drug sales on direct examination.
 
 Wiggins' relevant testimony is as follows:
 
 19
 [Wiggins' Attorney]: Have you ever dealt in drugs?
 
 
 20
 A: I've used drugs, yes.
 
 
 21
 Q: Do you use them at this time?
 
 
 22
 A: Not now I don't, uh-uh.
 
 
 23
 Tr. at 236.
 
 
 24
 Admittedly, Wiggins' response to the question about his past drug sales is ambiguous. However, those in the courtroom, including Wiggins' own attorney, apparently understood it to be a denial of past drug sales. On this point, Wiggins' counsel recalled that his client had testified that he used drugs but had never sold them.[1] In fact, in closing argument, Wiggins' counsel depicted Wiggins as someone who had never been involved in PCP distribution. See id. at 438 ("[H]e is not involved in drugs. The only way he's involved in drugs, according to his own testimony that he volunteered, was that he does or he did take PCP himself.").
 
 
 25
 Although Wiggins' counsel objected to the admission of the prior bad acts testimony at trial, he did so on other grounds, never suggesting that the testimony was inappropriate for impeachment because Wiggins had not in fact denied prior drug sales. Having treated Wiggins' testimony as a denial of such sales at trial, Wiggins cannot now be permitted to argue a contrary interpretation. See United States v. Robinson, 485 U.S. 25, 31 (1988) (refusing to overturn trial court's interpretation of ambiguous language where counsel "stood silently by when the trial court made clear its contrary interpretation"). In short, the District Court's ruling simply does not rise to the level of plain error. See United States v. Thomas, 896 F.2d 589, 591 (D.C.Cir.1990) (per curiam) (legal objections not articulated at trial are waived, absent plain error). The District Court's understanding of Wiggins' trial testimony as denying any prior involvement in drug sales was not an unreasonable one, especially given the fact that defense counsel recalled his client's testimony in the same way that the trial judge had construed it.
 
 
 
 [1]
 The following colloquies between the District Court and defense counsel took place:
 The court: It's my understanding that the proffer is that at some point during Mr. Wiggins's testimony he was asked whether he sold PCP, he ever sold PCP, and he said no, he told us he possessed it.
 [Defense Counsel]: Did what?
 The court: Possessed it, that he used it, but he never sold it.
 [Counsel]: I remember that, it came out on his own, I didn't want it to come out.
 Tr. at 365.
 The court: I thought you had asked him the question, and I know the Government did, one of you did, he also told us that while he possessed this PCP, that he never was involved in distribution of PCP.
 [Defense counsel]: He wasn't.
 The court: I beg your pardon?
 [Counsel]: He wasn't. He hasn't been convicted, he'd never been convicted.
 The court: I didn't say he had been convicted. The point is that Mr. Wiggins said he never did it, he never did it. Not that he wasn't convicted of it, he didn't say that.
 [Counsel]: That's the whole point, your honor.
 The court: No, I don't think it is, counsel.
 Id. at 387-88.