3 F.3d 1577
 303 U.S.App.D.C. 293
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Kirk D. GREENE, Appellant.
 No. 92-3274.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 27, 1993.
 
 Before: MIKVA, Chief Judge; SILBERMAN and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed. Reviewing this case under the applicable "plain error" standard, see United States v. Lawton, No. 92-3194, slip op. at 8 (D.C.Cir. June 15, 1993), we cannot conclude that the district court's comments " 'result[ed] in a miscarriage of justice.' " United States v. Johnson, 802 F.2d 1459, 1465 (D.C.Cir.1986) (quoting United States v. Johnson, 722 F.2d 407, 409 (8th Cir.1983)). Viewed in context, the court's passing reference to "facts" contained in the DEA-7 forms and its assessment of the relative speed and ease with which the jury might resolve the case cannot fairly be interpreted as directing or coercing a guilty verdict on the charge of possession with intent to distribute more than five grams of cocaine base, 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B)(iii). See United States v. Spann, No. 92-3012, slip op. at 4-5 (D.C.Cir. July 13, 1993) (district court judge did not commit plain error when he stated his belief that it would not take the jury "too long" to return a verdict, that the case was "comparatively easy," and that jury consisted of "intelligent and honest and wonderful people").
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.