15 F.3d 1160
 304 U.S.App.D.C. 429
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Joey Bernard GRAVES, Sr., Appellant.
 No. 92-3247.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 15, 1993.
 
 Before: GINSBURG and RANDOLPH, Circuit Judges, and WILL, Senior District Judge.*
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of counsel. The court is satisfied, after reviewing the parties' briefs, that appropriate disposition of the case does not call for further opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 The appellant challenges the denial of his motion to suppress evidence on the basis of an alleged violation of 18 U.S.C. Sec. 3109. A fifteen-second wait following a proper knock and announcement is sufficient prior to a forcible entry. See United States v. Spriggs, 996 F.2d 320 (D.C.Cir.1993); United States v. Bonner, 874 F.2d 822 (D.C.Cir.1989); United States v. Davis, 617 F.2d 677 (D.C.Cir.1979).
 
 
 3
 The appellant also challenges on two testimonial grounds his convictions for possession with intent to distribute a controlled substance and possession with intent to distribute a controlled substance within 1000 feet of a school. The appellant did not object on either ground at trial, and we think it clear that if there was any error at all, neither matter rises to the level of "plain error." See United States v. Thomas, 896 F.2d 589, 591 (D.C.Cir.1990); United States v. Johnson, 802 F.2d 1459, 1465 (D.C.Cir.1986).
 
 
 4
 The appellant also challenges the sufficiency of the evidence to show that he constructively possessed the drugs in the apartment. Viewing the evidence in the light most favorable to the government, as we must, see United States v. Sutton, 801 F.2d 1346, 1358 (D.C.Cir.1986), the evidence was sufficient for a rational jury to infer that the appellant constructively possessed the drugs. United States v. Morris, 977 F.2d 617, 620 (D.C.Cir.1992).
 
 
 5
 The appellant also challenges the denial of his motion for a new trial based upon ineffective assistance of counsel. The appellant has not shown, however, that his counsel's performance was so deficient as to deprive the appellant of his right to counsel or that, absent error, there was a reasonable probability that the appellant would have been acquitted. Strickland v. Washington, 466 U.S. 668, 687-96 (1984).
 
 
 6
 Finally, appellant claims that the district court erred at the sentencing hearing in failing to make a finding of fact that, by the preponderance of the evidence, the appellant possessed less than all of the drugs in the apartment. Under our decision in United States v. Patrick, 959 F.2d 991, 996 n. 5 (D.C.Cir.1992), the quantity of drugs possessed is a matter for the sentencing judge, not the jury, to determine. Here, however, the record is unclear whether the sentencing judge exercised his discretion to accept, or if he instead felt constrained to accept, the jury's conclusion that the appellant possessed fifty grams of cocaine base. Therefore, it is
 
 
 7
 ORDERED and ADJUDGED that the conviction from which this appeal has been taken be affirmed and that this matter be remanded to the district court for the sentencing judge, if he has not already done so, to exercise his discretion at sentencing.
 
 
 8
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 
 
 *
 Honorable Hubert L. Will, United States District Court for the Northern District of Illinois, sitting by designation pursuant to 28 U.S.C. Sec. 294(d) (1988)