UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 96-4277

KIRK DARNELL TAYLOR,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-94-42)

Submitted: January 28, 1997

Decided: February 18, 1997

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Frederick T. Heblich, Jr., PARKER, MCELWAIN & JACOBS, P.C.,
Charlottesville, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Jean Hudson, Assistant United States Attorney, Ken-
neth M. Clair, Law Intern, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Kirk Darnell Taylor of making false statements in connection with the purchase of firearms as a principal or an aider or abetter, in violation of 18 U.S.C. § 924(a)(1)(A) (1994), and 18 U.S.C. § 2 (1994). On appeal, Taylor claims that the district court's admission of government's exhibit 3 was error and that, as a result, the evidence was insufficient to convict him. He also challenges the admission of testimony relating to his drug use that the government elicited on redirect examination of a government witness. Finding no reversible error, we affirm.

I.

Testimony at trial disclosed that Taylor, a Maryland resident, asked Nicole Hull and Purcel Grant, both Virginia residents, to accompany him to two Virginia gun shops, Wolf Mountain Traders ("WMT") and Hilltop Sport and Pawn. Hull and Grant represented to store employees that they were the purchasers of the guns Taylor selected and wanted to buy but could not because he was not a Virginia resident. Hull and Grant completed the required paperwork and purchased the guns using money Taylor gave to them, and Taylor took possession of the guns after the purchases. Hull and Grant identified the firearms transaction forms showing that they were listed as purchasers and bearing WMT's federal firearms license number. During the trial, Taylor objected to the admission of government's exhibit 3 and to Hull's redirect testimony regarding Taylor's drug use.

The jury convicted Taylor on eight counts of making false statements in connection with the acquisition of firearms as a principal or an aider and abetter. The district court denied Taylor's motion for judgment of acquittal, concluding that pages three through seven of exhibit 3 were admissible under Fed. R. Evid. 803(8) to establish that WMT was a federally licensed firearms dealer from December 1991 to June 1992, when the transactions occurred. Taylor was sentenced to a total of seventy-two months incarceration to be followed by a three-year term of supervised release and ordered to pay a $500 fine and a $400 special assessment. This appeal followed.

2

II.

Taylor contends that a portion of page two of government's exhibit 3 is inadmissible hearsay that does not fall within the exception provided for public records and reports in Fed. R. Evid. 803(8). He refers specifically to the statement that WMT was a licensed federal firearms dealer from March 8, 1990, to December 18, 1995. Because Taylor believes the district court should not have admitted the statement, he contends that the evidence was insufficient to sustain his conviction because the government failed to prove that WMT was a federally licensed firearms dealer when the transactions occurred-- December 1991 to June 1992. We review the district court's evidentiary rulings for abuse of discretion. United States v. Ford, 88 F.3d 1350, 1362 (4th Cir.), cert. denied, 117 S. Ct. 496 (1996).

Assuming, arguendo, that the statement on page two regarding the time period WMT was licensed by BATF was hearsay not within the exception provided by Rule 803(8) and should have been stricken by the district court, we find the error harmless because the certification statement was cumulative. The record contained other information from which the jury could infer that WMT was federally licensed between December 1991 and June 1992. Pages three through seven of exhibit 3--containing WMT's initial application for a license that BATF approved on March 8, 1990, and copies of licenses that expired on April 1, 1993, and April 1, 1996--were properly admitted. Without evidence that WMT's license had ever been suspended or revoked, the jury could infer that WMT was licensed during December 1991 to June 1992--the period during which the firearms transactions occurred. Finally, the government introduced BATF forms identified by witnesses recording the individual firearms transactions, and the forms included WMT's BATF license number. The district court's error in admitting the statement on page two therefore was harmless error. See United States v. Heater, 63 F.3d 311, 325 (4th Cir. 1995) (noting that error harmless unless judgment was substantially swayed by error), cert. denied, 116 S. Ct. 796 (1996); United States v. Johnson, 722 F.2d 407, 410 (8th Cir. 1983) (concluding that admission of explanatory statement was harmless because evidence was cumulative). Because the jury could infer from other evidence that WMT was a federally licensed firearms dealer at the time the firearms transactions occurred, Taylor's sufficiency of the evidence claim also fails. See Glasser v. United States, 315 U.S. 60, 80 (1942). Taylor did

3

not dispute the other elements required for a conviction under § 924(a)(1)(A). See United States v. Petitjean, 883 F.2d 1341, 1345 (7th Cir. 1989) (requiring that defendant knowingly made false statement to licensed firearms dealer, false statement made in acquisition of firearm, and false statement was likely to deceive the firearms dealer).

III.

Taylor also claims that the district court erred by allowing the government to question Hull on redirect examination about Taylor's drug use because it was irrelevant and highly prejudicial. The scope of redirect testimony is discretionary and should be reversed only for an abuse of discretion. United States v. Catano, 65 F.3d 219, 226 (1st Cir. 1995).

On cross-examination, Taylor's counsel attempted to attack Hull's credibility by challenging her ability to recall accurately the events surrounding the firearms purchases because she used drugs at that time. Although she was not using drugs at the time of trial, counsel elicited testimony that Hull had her bond revoked because of a positive drug test for cocaine and PCP. Taylor's counsel asked Hull how she supported herself at the time the transactions occurred if she were unemployed and using drugs regularly. She responded that she did the best she could and that she relied on an employment check. On redirect examination, the government elicited testimony from Hull that she used drugs with Taylor. When the government asked Hull whether Taylor referred to other drug dealers, she said no, and the district court halted that line of questioning. Even assuming that the district court should not have admitted Hull's testimony on redirect examination, we find the error harmless in light of the overwhelming evidence of Taylor's guilt.

IV.

Accordingly, we affirm Taylor's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4